**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MYRTHO CHAPUSETTE, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>TOURO COLLEGE AND UNIVERSITY SYSTEM and NEW YORK SCHOOL OF CAREER AND APPLIED STUDIES,<br><br>    Defendants. | Civil Action No.: 20-cv-04018<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Myrtho Chapusette ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendants Touro College and University System ("TCUS" or the "Touro Schools") and New York School of Career and Applied Studies ("NYSCAS" or "Touro NY") (collectively, "Defendants"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS

1.      This is a class action lawsuit on behalf of all people who paid tuition and fees for the Spring 2020 academic semester at schools operated by Defendant TCUS, and who, because of Defendants' response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services or which their fees were paid, without having their tuition and fees refunded to them.

2.      The Touro Schools are a system of private undergraduate and graduate-level institutions run and administered by Defendant TCUS. It is headquartered in New York City, New York, with branches throughout the United States and in three other countries. TCUS has a

total enrollment of over 18,000 students across 34 undergraduate, graduate, and professional

schools, including but not limited to the following schools in the United States:[1]

- Undergraduate and professional schools:
- New York School of Career and Applied Studies (Defendant "NYSCAS" or "Touro NY"), various locations in New York City, NY
- Touro College Los Angeles (West Hollywood, CA)
- Touro University California (Vallejo, CA)
- Touro University Nevada, Henderson, Nevada
- Lander College for Men (Queens, NY)
- Lander College for Women (Manhattan, NY)
- Lander College of Arts and Sciences (Brooklyn, NY)
- Hebrew Theological College (Skokie, IL)
- Machon L'Parnasa Institute for Professional Studies (Brooklyn, NY)
- School for Lifelong Education (Brooklyn, NY)
- School of Health Sciences (Bay Shore, NY)
- New York Medical College (Valhalla, NY)
- School of Health Sciences (Bay Shore, NY)
- Touro College Graduate School of Business (Manhattan, NY)
- Touro College Graduate School of Education (Manhattan, NY)
- Touro College Graduate School of Jewish Studies (Manhattan, NY)
- Touro College Graduate School of Social Work (Manhattan and Brooklyn, NY)
- Touro College Graduate School of Technology (Manhattan, NY)
- Touro College of Dental Medicine (Hawthorne, NY)
- Touro College of Osteopathic Medicine (Harlem and Middletown, NY)
- Touro College of Pharmacy (Manhattan, NY)
- Touro Law / Jacob D. Fuchsberg Law Center (Central Islip, NY)

3.    TCUS also operates an online program called Touro University Worldwide,

which offers both undergraduate and graduate-level degrees.[2]

4.    Touro NY is one of the 34 schools run by TCUS, and it enrolls approximately

7,000 undergraduate students.

5.    The Touro Schools offer both in-person and online undergraduate and graduate

degree programs.

---

[1] https://www.touro.edu/about/at-a-glance/.

[2] https://www.tuw.edu.

6.      On March 6, 2020, TCUS announced that, due to the global COVID-19 pandemic, TCUS would "implement[] an entirely online course delivery system *for our New York-based academic programs*, effective [] Monday-Thursday March 9-12."[3]  On March 11, 2020, TCUS extended the closure of its facilities located in New York, including Defendant Touro NY, "until after the Passover holiday—Monday April 20, 2020"[4]  Then, in an update dated March 22, 2020, TCUS Executive Vice President Rabbi Moshe D. Krupka that TCUS would expand the scope of the closure of its schools, noting that "except for [New York Medical College], *all Touro facilities* will be closed[ and n]o Touro College students or employees should come to school or come to work onsite unless they have been identified and authorized by the central Touro administration as essential."[5]  Finally, on April 7, 2020, Executive Vice President Rabbi Krupka announced that the matriculating students of its many schools "cannot return to campus as planned on April 20" and that TCUS would "continue [its] academic programs remotely through the end of the Spring 2020 semester."[6]

7.      Thus, Touro Schools located in New York, including Touro NY, have not held in-person classes since approximately March 6, 2020, and the Touro Schools located outside of New York have not held in-person classes since April 7, 2020.  Classes that have continued have only been offered in an online format, with no in-person instruction.

8.      As a result of the closure of Defendants' facilities, Defendants have not delivered the educational services, facilities, access and/or opportunities that Plaintiff and the putative class

---

[3] https://www.touro.edu/updates/coronavirus/ (emphasis added); *see also id.* (noting that the content of TCSU's announcement dated March 6, 2020, is "compiled from Touro communications to the Touro community March 3-5").

[4] *Id.* (emphasis added).

[5] *Id.*

[6] *Id.*

contracted and paid for.  The online learning options being offered to students of Touro Schools

are subpar in practically every aspect, from the lack of facilities, materials, and access to faculty.

Students have been deprived of the opportunity for collaborative learning and in-person

dialogue, feedback, and critique.  The remote learning options are in no way the equivalent of the

in-person education that Plaintiff and the putative class members contracted and paid for.

9.      Plaintiff and the putative class are therefore entitled to a refund of tuition and fees

for in-person educational services, facilities, access, and/or opportunities that Defendants have

not provided.  Even if Defendants claim they did not have a choice in cancelling in-person

classes, they nevertheless have improperly retained funds for services they are not providing.

10.     Plaintiff seeks, for herself and Class members, Defendants' disgorgement of the

pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the

Spring 2020 Semester when classes moved online, and campus services ceased being provided.

Plaintiff seeks a return of these amounts on behalf of herself and the Class as defined below.

## PARTIES

11.     Plaintiff Myrtho Chapusette is a citizen of New York who resides in Brooklyn,

New York.  Ms. Chapusette is an undergraduate student at Touro NY pursuing a Bachelor's

Degree in liberal arts with a focus on psychology and education.  Ms. Chapusette major requires

class presentations, which is made more feasible through in-class instruction.  Ms. Chapusette

paid approximately $10,000 in tuition to Defendants TCUS and Touro NY for the Spring 2020

Semester.  Ms. Chapusette was forced to take out two loans in order to pay this expense.  Ms.

Chapusette has not been provided a refund of any tuition monies paid, despite the fact that in-

person classes have not been held at Touro NY since on or around March 6, 2020.  Ms.

Chapusette also paid mandatory fees for the Spring 2020 Semester.  Ms. Chapusette has not been

provided a refund of any fees paid, despite the fact that in-person classes have not been held at Touro NY since on or around March 6, 2020

12.     Defendant Touro College and University System ("TCUS") is a private university system headquartered at 500 Seventh Avenue, New York, NY 10018.   Defendant TCUS operates the Touro Schools, which include 34 undergraduate and graduate-level colleges and universities worldwide.

13.     Defendant New York School of Career and Applied Studies ("NYSCAS" or "Touro NY") is a private university with its principal place of business located at 330 West 31st Street, New York, NY 10001.  Touro NY is a Touro School operated by Defendant TCUS.

## JURISDICTION AND VENUE

14.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendants, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

15.     This Court has personal jurisdiction over Defendants because Defendants maintain their principal place of business in New York.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the acts complained of occurred in this District and because Defendants' principal places of business are located in this District.

## FACTUAL ALLEGATIONS

### *Plaintiff And Class Members Paid Tuition And Fees For Spring Semester 2020*

17.     Plaintiff and Class members are individuals who paid the cost of tuition and other

mandatory fees for the Spring 2020 Semester at Touro Schools.

18.     Spring 2020 Semester classes at Touro Schools begin in or about late January 2020 and end in or about mid-May 2020.  At Touro NY, Spring 2020 Semester classes began on or about January 24, 2020, and final exams for the semester are scheduled to end on or around May 28, 2020.

19.     Plaintiff and Class members paid the cost of tuition for the Spring 2020 Semester. They also paid other mandatory fees associated with the Spring 2020 Semester.

20.     Undergraduate tuition and fees for the Spring 2020 Semester at Touro Schools are approximately $10,275.00.  Graduate tuition for the Spring 2020 Semester at Touro Schools varies widely based on the degree program.

21.     Undergraduate tuition costs associated with TCUS's online degree program through Touro University Worldwide are significantly lower than at other Touro Schools offering Bachelor's Degrees through in-person classes.  Notably, TCUS markets Touro University Worldwide as an "affordable option[,]" when compared to the costs of tuition at TCUS's other schools:[7]

> ### Your online degree shouldn't cost your life's savings.
>
> We offer affordable options starting at $400/credit for your Associate or Bachelor's degree. We also offer many financial aid options to help lower the cost even more. Our tuition includes all necessary resources to complete each class so you'll never be hit with unexpected extra charges. We supply the materials so the only thing you have to budget is your time.

22.     Fees paid by or on behalf of Touro students vary based on school.  By way of example, undergraduate students at Touro NY paid mandatory fees for Spring 2020 Semester,

---

[7] https://www.tuw.edu.

including but not limited to a $300 "Life Experience Fee."

23.     The tuition and fees described in the paragraphs above are provided by way of

example; total damage amounts – which may include other fees that are not listed herein but that

were not refunded – will be proven at trial.

### *In Response To COVID-19, All Touro School Campuses Were Closed And All In-Person Classes Were Cancelled*

24.     In announcements dated March 6 and 11, 2020, TCUS announced that, due to the

global COVID-19 pandemic, all classes at Touro NY and other Touro Schools located in New

York (except for New York Medical College ("NYMC") in Valhalla, New York[8]) would be held

in online/remote format through at least April 20, 2020.  Then, in updates dated March 22 and

April 7, 2020, TCUS announced the closure of all Touro Schools (again, except for NYMC)

would hold classes online for the remainder of the semester.

25.     Since March 6, 2020, Touro NY, along with all other Touro Schools located in

New York (except for NYMC), have not held any in-person classes.  Further, no Touro School

(again, except for NYMC[9]) has held any in-person classes since April 17, 2020.  Classes that

have continued have only been offered in an online format, with no in-person instruction.  Even

classes for students with concentrations in areas where in-person instruction is especially crucial

(such as music, theatre, and the sciences) have only had access to minimum online education

options.

26.     As a result of the closure of Defendants' facilities, Defendants have not delivered

---

[8] *See* https://www.touro.edu/updates/coronavirus/ ("As a result of the executive order, except for NYMC, all Touro facilities will be closed. No Touro College students or employees should come to school or come to work onsite unless they have been identified and authorized by the central Touro administration as essential.")

[9] *Id.*

the educational services, facilities, access and/or opportunities that Plaintiff and the putative class

contracted and paid for.  Plaintiff and the putative class are therefore entitled to a refund of all

tuition and fees for services, facilities, access and/or opportunities that Defendants have not

provided.  Even if Defendants claims they did not have a choice in cancelling in-person classes,

they nevertheless have improperly retained funds for services they are not providing.

27.     Plaintiff and members of the Class did not choose to attend an online institution of

higher learning, but instead chose to attend Defendants' institution and enroll on an in-person

basis.

28.     The online learning options being offered to Touro Schools students are subpar in

practically every aspect and a shadow of what they once were, from the lack of facilities,

materials, and access to faculty.  Students have been deprived of the opportunity for

collaborative learning and in-person dialogue, feedback, and critique.

29.     The remote learning options are in no way the equivalent of the in-person

education putative class members contracted and paid for.  The remote education being provided

is not even remotely worth the amount charged class members for Spring 2020 Semester tuition.

The tuition and fees for in-person instruction at Touro Schools are higher than tuition and fees

for other online institutions because such costs cover not just the academic instruction, but

encompass an entirely different experience which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;

- Access to facilities such as libraries, laboratories, computer labs, and study room;

- Student governance and student unions;

- Extra-curricular activities, groups, intramural sports, etc.;

- Student art, cultures, and other activities;

- Social development and independence;

- Hands on learning and experimentation;

- Networking and mentorship opportunities.

30.     The fact that Touro students paid a higher price for an in-person education than they would have paid for an online education is illustrated clearly by the vast price difference in Tour's in-person, on-campus program versus Tour's own online learning programs.  For example, tuition and fees per credit for an in-person Bachelor's degree at Touro's College for Arts & Sciences are approximately $750.00 per credit[10], compared to only $400.00 per credit for an online Bachelor's Degree at Touro University Worldwide[11].  In other words, Defendant charges more than 180% extra in tuition and fees for an in-person Bachelor's Degree than it does for an online Bachelor's Degree.

31.     Through this lawsuit Plaintiff seeks, for herself and Class members, Defendants' disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring 2020 Semester when classes moved online, and campus services ceased being provided.  Plaintiff seeks return of these amounts on behalf of herself and the Class as defined below.

## CLASS ALLEGATIONS

32.     Plaintiff seeks to represent a class defined as all people who paid Touro Schools Spring 2020 Semester tuition and/or fees for in-person educational services that Touro Schools failed to provide, and whose tuition and fees have not been refunded (the "Class").  Specifically excluded from the Class are Defendants, Defendants' officers, directors, agents, trustees, parents,

---

[10] https://las.touro.edu/admissions--aid/tuition--fees/.

[11] https://www.tuw.edu.

children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or Defendants' officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

33.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

34.     **Numerosity.**  The members of the Class are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiff reasonably estimates that there are hundreds of thousands of members in the Class.  Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendants and may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third-party retailers and vendors.

35.     **Existence and predominance of common questions of law and fact.**  Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members.  These common legal and factual questions include, but are not limited to, the following:

(a)     whether Defendants accepted money from Class members in exchange for the promise to provide services;

(b)     whether Defendants have provided the services for which Class members contracted; and

(c)     whether Class members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendants did not provide.

(d)     whether Defendants have unlawfully converted money from Plaintiff, the Class; and

(e)      whether Defendants are liable to Plaintiff and the Class for unjust enrichment.

36.      **Typicality.**  Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class members were similarly situated and were comparably injured through Defendants' wrongful conduct as set forth herein.  Further, there are no defenses available to Defendants that are unique to Plaintiff.

37.      **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class.  Furthermore, Plaintiff has no interests that are antagonistic to those of the Class.

38.      **Superiority.**   A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against Defendants.  It would, thus, be virtually impossible for the Class on an individual basis, to obtain effective redress for the wrongs committed against them.  Furthermore, even if Class members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

39.      In the alternative, the Class may also be certified because:

(a)      the prosecution of separate actions by individual Class members would create

a risk of inconsistent or varying adjudications with respect to individual Class

members that would establish incompatible standards of conduct for the

Defendants;

(b)     the prosecution of separate actions by individual Class members would create

a risk of adjudications with respect to them that would, as a practical matter,

be dispositive of the interests of other Class members not parties to the

adjudications, or substantially impair or impede their ability to protect their

interests; and/or

(c)     Defendants have acted or refused to act on grounds generally applicable to the

Class as a whole, thereby making appropriate final declaratory and/or

injunctive relief with respect to the members of the Class as a whole.

**<u>COUNT I</u>**
**Breach Of Contract**
**(On Behalf Of The Class)**

40.     Plaintiff hereby incorporates by reference the allegations contained in all

preceding paragraphs of this complaint.

41.     Plaintiff brings this claim individually and on behalf of the members of the Class

against Defendants.

42.     Through the admission agreement and payment of tuition and fees, Plaintiff and

each member of the Class entered into a binding contract with Defendants.

43.     As part of the contract, and in exchange for the aforementioned consideration,

Defendants promised to provide certain services, all as set forth above.  Plaintiff and Class

members fulfilled their end of the bargain when they paid monies due for Spring Semester 2020

tuition.  Tuition for Spring Semester 2020 was intended to cover in-person educational services

from January through May 2020.  In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring Semester.

44.     Defendants have failed to provide the contracted for services and has otherwise not performed under the contract as set forth above.  Defendants have retained monies paid by Plaintiff and the Class for their Spring Semester 2020 tuition and fees, without providing them the benefit of their bargain.

45.     Plaintiff and members of the Class have suffered damage as a direct and proximate result of Defendants' breach, including but not limited to being deprived of the education, experience, and services to which they were promised and for which they have already paid.

46.     As a direct and proximate result of Defendants' breach, Plaintiff and the Class are entitled to damages, to be decided by the trier of fact in this action, to include but no be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendants for services that Defendants have failed to deliver.  Defendants should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Touro NY shut down on March 6, 2020, and other Touro Schools shut down on April 7, 2020.

47.     Defendants' performance under the contract is not excused due to COVID-19. Indeed, Defendants should have refunded the pro-rated portion of any education services not provided.  Even if performance was excused or impossible, Defendants would nevertheless be required to return the funds received for services they will not provide.

**COUNT II**
**Unjust Enrichment**
**(On Behalf Of The Class)**

48.     Plaintiff hereby incorporates by reference the allegations contained in all

preceding paragraphs of this complaint.

49.    Plaintiff brings this claim individually and on behalf of the members of the Class against Defendants.

50.    Plaintiff and members of the Class conferred a benefit on Defendants in the form of monies paid for Spring Semester 2020 tuition and other fees in exchange for certain service and promises.  Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through May 2020.  In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring Semester.

51.    Defendants voluntarily accepted and retained this benefit by accepting payment.

52.    Defendants have retained this benefit, even though Defendants have failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendants' retention unjust under the circumstances.  Accordingly, Defendants should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Touro NY shut down on March 6, 2020, and other Touro Schools shut down on April 7, 2020.

53.    It would be unjust and inequitable for Defendants to retain the benefit, and Defendants should be required to disgorge this unjust enrichment.

**COUNT III**
**Conversion**
**(On Behalf Of The Class)**

54.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

55.    Plaintiff brings this claim individually and on behalf of the members of the Class against Defendants.

56.     Plaintiff and members of the Class have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Spring Semester 2020 tuition and fee payments to Defendants.

57.     Defendants intentionally interfered with the rights of Plaintiff and the Class when they moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.

58.     Plaintiff and members of the Class demand the return of the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Touro NY shut down on March 6, 2020, and other Touro Schools shut down on April 7, 2020.

59.     Defendants' retention of the fees paid by Plaintiff and members of the Class without providing the educational services for which they paid, deprived Plaintiff and Class members of the benefits for which the tuition and fees paid.

60.     This interference with the services for which Plaintiff and members of the Class paid damaged Plaintiff and Class members in that they paid tuition and fees for services that will not be provided.

61.     Plaintiff and Class members are entitled to the return of pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Touro NY shut down on March 6, 2020, and other Touro Schools shut down on April 7, 2020.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

(a)     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representatives of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b)    For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c)    For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d)    For prejudgment interest on all amounts awarded;

(e)    For an order of restitution and all other forms of equitable monetary relief;

(f)    For injunctive relief as pleaded or as the Court may deem proper; and

(g)    For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: May 22, 2020        Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: _/s/ Philip L. Fraietta_
      Philip L. Fraietta

Philip L. Fraietta
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot *(Pro hac vice* app. forthcoming*)*
2665 S. Bayshore Drive, Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

*Attorneys for Plaintiff*

16